IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEK ROIS-MENDEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA,<br><br>　　　　Defendant. | Case No. 20-cv-02227-MMC<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |

　　　　Before the Court is defendant California Physicians' Service dba Blue Shield of California's ("Blue Shield") Motion, filed October 28, 2020, "to Dismiss Plaintiff's First Amended Complaint." Plaintiff Alek Rois-Mendez ("Rois-Mendez") has filed opposition, to which Blue Shield has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

## BACKGROUND[2]

　　　　At all relevant times, Rois-Mendez was an enrolled Subscriber in a "group employee welfare benefit plan" ("the Plan") administered by Blue Shield. (See FAC ¶¶ 12-14.) In 2019, Rois-Mendez was diagnosed with parotid gland cancer,[3] after which a team of treating physicians at Cedars-Sinai Samuel Oschin Comprehensive Cancer Institute ("Cedars-Sinai") determined proton beam radiation therapy ("PBRT")[4] "was the

---

[1] By order filed January 19, 2021, the Court took the matter under submission.

[2] The following facts are taken from the operative complaint, the First Amended Complaint ("FAC").

[3] Parotid gland cancer is "cancer of the salivary gland." (See FAC ¶ 16.)

[4] PBRT, a form of radiation therapy, differs from conventional x-ray radiation in

best course of treatment for [him]" and referred him to California Protons Cancer Therapy Center ("California Protons") for that treatment. (See id. ¶¶ 1, 9, 16, 17.)

On June 10, 2019, California Protons submitted, to Blue Shield, a Request for Prior Authorization for Rois-Mendez's PBRT treatment, which request Blue Shield denied on the ground that PBRT is "investigational." (See FAC ¶¶ 18-20 (internal quotation and citation omitted).) On July 1, 2019, Rois-Mendez and California Protons submitted, to Blue Shield, a request for expedited appeal of its denial of prior authorization, which request Blue Shield denied, and, on August 8, 2019, California Protons received a letter from Blue Shield, dated August 2, 2019, "wherein Blue Shield upheld its denial of [Rois-Mendez's] request for PBRT 'because [his] health plan specifically exclude[d] benefits for services that are experimental or investigational.'" (See id. ¶¶ 21-22, 24 (quoting id. Ex. C).) "Meanwhile, due to medical exigency," Rois-Mendez began his PBRT treatment with California Protons and paid for that treatment "out-of-pocket" (see id. ¶¶ 23, 47), after which, on January 23, 2020, he submitted, to Blue Shield, a post-service claim for his out-of-pocket payments (see id. ¶¶ 23, 25). As of the date the FAC was filed, April 3, 2020, Rois-Mendez has not received any response from Blue Shield regarding his post-service claim. (See id. ¶ 27.)

Based on the above, Rois-Mendez asserts, pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), two Causes of Action, titled, respectively, "Denial of Plan Benefits Under ERISA" and "Equitable Relief."

## DISCUSSION

**A.     Motion to Dismiss**

In its Motion to Dismiss, Blue Shield argues the FAC is subject to dismissal, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, for lack of subject matter jurisdiction. Specifically, Blue Shield argues, Rois-Mendez lacks standing to bring

---

that, when PBRT is administered, "protons deposit much of their radiation directly in the tumor and then stop," thereby allowing patients to receive higher doses of radiation "while reducing damage to healthy tissues that surround the tumor." (See FAC ¶ 3.)

2

the instant claims because, contrary to the allegations in the FAC, Blue Shield has already paid California Protons "for the majority of the PBRT [he] has received," and has denied the "small number of remaining unpaid claims . . . for reasons other than the investigative/experimental exclusion." (See Mot. at 1:9-14 (emphasis omitted); see also Mot. at 2:25-27.) In support of such argument, Blue Shield submits numerous "Explanations of Benefits," which provide information as to Blue Shield's review and processing of the claims submitted by California Protons. (See Decl. of Leslie Crawford ¶¶ 4-5, Exs. A & B.)

"Rule 12(b)(1) jurisdictional attacks can be either facial or factual." See White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). In a facial attack, "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." See Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In a factual attack, such as the one made here by Blue Shield, "the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." See id. In resolving a factual attack on jurisdiction, "the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment," and "[t]he court need not presume the truthfulness of the plaintiff's allegations." See id. The party opposing the motion bears the burden of establishing subject matter jurisdiction, and, once the moving party has submitted declarations or other admissible evidence, the party opposing the motion must submit evidence sufficient to satisfy that burden. See id.[5]

To establish Article III standing, a plaintiff must have "suffered an injury in fact" that is "fairly traceable to the challenged conduct" and is "likely to be redressed by a favorable judicial decision." See Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016). Here, Blue Shield, relying on the first two requirements, argues Rois-Mendez "has not suffered any

---

[5] In this instance, Rois-Mendez has attached exhibits to the FAC and, in response to the instant motion, submitted additional exhibits, accompanied by declarations.

injury alleged in the FAC" and has not alleged the requisite "causation" (see Mot. at 6:1, 6:18), because, as noted, it assertedly has paid California Protons for the majority of Rois-Mendez's PBRT and, to the extent it denied payment, it was for reasons other than the reason alleged in the FAC.  Blue Shield does not, however, dispute Rois-Mendez's allegation or supporting evidence that it initially denied prior authorization for Rois-Mendez's PBRT treatment or that it did so on the basis that such treatment is "investigational," nor does it dispute that it later upheld such decision on appeal.  (See FAC ¶¶ 19, 24; Decl. of Alek Rois-Mendez ("Rois-Mendez Decl.") ¶ 2; Decl. of Timothy J. Rozelle ("Rozelle Decl.") Ex. G at 8.)[6]  Similarly, there is no dispute that Rois-Mendez paid California Protons directly for his PBRT treatment,[7] and that, as of the date of the FAC, he had not received from Blue Shield a response to his post-service claim nor any reimbursement from Blue Shield for the costs of his PBRT treatment.  (See Rois-Mendez Decl. ¶¶ 2-3, 6, 9.)  The undisputed facts thus show, contrary to Blue Shield's assertions, Rois-Mendez has suffered an injury, specifically, out-of-pocket payments for his PBRT treatment, and that such injury is "fairly traceable" to Blue Shield's above-described conduct as well as "likely to be redressed by a favorable judicial decision."  See Spokeo, 136 S. Ct. at 1547.

Accordingly, the Court will deny Blue Shield's Motion to Dismiss.

**B.   Rois-Mendez's Request for Leave to Amend FAC**

In his opposition to the instant motion, Rois-Mendez requests leave to amend the FAC to add two causes of action, namely, "intentional interference with contractual

---

[6] The page numbers for exhibits attached to the FAC and declarations submitted in connection with the instant motion, as used herein, are those affixed to the top of each page by this district's electronic filing program.

[7] Blue Shield's argument that such payment is "irrelevant," because "ERISA provides for recovery of benefits due under a plan . . . not damages" (see Mot. at 6 n.4 (emphasis omitted)), is unavailing, given that the Plan expressly requires payments for services obtained from a non-Plan provider to be made "directly to the Subscriber" (see FAC Ex. A at 116), and Blue Shield does not dispute California Protons' status as a non-Plan provider (see Rozelle Decl. Ex. G at 45).  In other words, Rois-Mendez did not receive a benefit to which he was entitled.

relations" and "violation of his attorneys' equitable lien." (See Opp. at 17:20-22.) "[I]t is axiomatic," however, "that the complaint may not be amended by briefs in opposition to a motion to dismiss." See Sathianathan v. Smith Barney, Inc., No. C 04-2130 SBA, 2004 WL 3607403, at *9 n.13 (N.D. Cal. June 6, 2005) (internal quotation and citation omitted).

Accordingly, the Court will deny Rois-Mendez's request for leave to amend the FAC, without prejudice to his filing a noticed motion pursuant to the Local Rules of this District. See Civil L.R. 7-1.

## CONCLUSION

For the reasons stated above:

1. Blue Shield's Motion to Dismiss is hereby DENIED.

2. Rois-Mendez's request for leave to amend the FAC is hereby DENIED, without prejudice to his filing a noticed motion requesting such leave.

**IT IS SO ORDERED.**

Dated: January 25, 2021

MAXINE M. CHESNEY
United States District Judge